Reese, J.
delivered the opinion of the court.
Knott is a carpenter and house builder. Early in 1841, he entered into a contract to build a frame dwelling house for Wilson upon the land of Wilson. The dimensions of the building seem not to have constituted a subject of definite stipulation. The materials for the building were all to be furnished by Wilson, and he was also to board Knott and the laborers employed by him.
Upon the completion of the work Knott was to be paid not a specified sum in gross, but so much per square, which was to be paid in cash notes, and the work was to be measured by competent workmen, for the purpose of ascertaining the quantity performed, and Knott said that if those workmen did not say that the work was well done he would have nothing for it; but it was not very clear .that this was a term of the contract.
He expected to be able to finish it by the first of October in that year, but it did not appear that this was a term of the contract.
Wilson in the progress of the work changed the plan of the structure, in some material particulars, and retarded the completion by omitting to furnish with sufficient punctuality the requisite materials. In the latter part of October, 1841, when the building was far advanced towards completion, but not completed, it was destroyed by fire. There is evidence tending to show that Knott apprehended and believed' that the loss would fall upon him. There was also evidence that the work so far as it had been done, was well done, and there was evidence of contrary character.
This suit was brought by Knott to recover for the value of his work, and a recovery was resisted upon the ground that the building, while in progress, and until finished by Knott and received arid accepted by Wilson, was at the risk of the former.
As to this, the circuit court charged in general and in substance, that if the jury believed that the contract was a general hiring to do the work in question for a stipulated price, by the *475 square foot or yard, and not a contract by the job for a sum certain, the plaintiff below would be entitled to recover.
The other propositions of the charge it is not necessary to state, for if there be error in them the error is in favor of Wilson and not against him.
A verdict was found for the plaintiff, which the court refusfed to set aside, and a writ of error has been prosecuted to this court*
We have no doubt that the judgment below ought to be affirmed. The house was to be placed on Wilson’s land, the materials were to be furnished by him, the dimensions were undetermined, the plan under his control and nothing was specified with respect to payment, but the rate of compensation according to admeasurement, and the mode, that is to say, cash notes. It is not like a case where a contractor is to furnish materials, and do the work and control the whole operation, and when finished and delivered to be paid for it.
At every stage in the progress of this building, the structure ( was-the property of Wilson, and the maxim, so controlling with \ regard to the manufacture of chattels of resjperit domino, applies to him: he was the owner and the loss was his. See Story on Bailment, sec. 426 and 438. We are also'of opinion, that the court .did not err, in rejecting proof to show that the usage was to hold builders in such cases liable for the loss.
Their liability rests upon the nature of the contract, and the circumstances of the transaction, and is therefore controlled by law, and not by usage. Let the judgment be affirmed.